Johnson, J.
The note on which this action is brought, was made in 1818, and was consequently barred by the statute limitations before the action was brought, in 1833; and according to Young v. Monpoey, 2 Bailey, 278, there must be an express promise to pay, or an unequivocal admission of a' subsisting debt, unaccompanied by any qualification indicative of an intention not to pay, in order to revive it. Three cir. cumstances are relied on to raise a promise on the part of the defendant: 1. His declaration to the witness, M’Millan, that “his partner ought to have paid it; that Allcock (plaintiff) ought to be paid.” 2. His agreement to pay the principal, on condition that plaintiff would give time, three, six, and nine months, which was not accepted. 3. His promise to pay $50 at some time previous.
*327 1. It does not appear from the report, but it would seem that this was a partnership note, and that some one else was bound for it; and the declaration that his “ partner ought to have paid it, that plaintiff ought to be paid,” certainly does not amount to a direct promise, on the part of tho defendant, to pay. The very reverse is the natural import of the expression. “Plaintiff ought to be paid, not by myself, but by my partner.” Thus negativing a promise to pay himself, either directly or impliedly, by pointing out a third person who ought to have paid it. A note barred by the statute of limitations does not impose any legal liability on the part of the maker. Tho previously existing debt is a sufficient consideration for a new promise, but a subsequent liability must arise out of that promise, and it is not probable that one intending bona fide to pay a debt barred by the statute, would leave the matter in doubt; it is more likely he would frankly come out with a direct promise, or an unqualified admission of the existence of the debt and his liability to pay it, from which his intention to' pay might be fairly inferred ; and the fact that ho loaves the matter in doubt, is a strong circumstance to show that he did not intend to abandon the protection which the statute affords. The statute of limitations is emphatically said to bo á statute of repose, a protection against stale and unjust demands, and I can see nothing either in its policy or morality, which ought to induce the Court to distort the evidence to avoid its consequences. 1
2. In Grist v. Newman, 2 Bailey, 92, I observe that a doubt is thrown out whether the debtor has the power to subjoin a condition to a promise to pay a debt barreil by the statute ; but I .'am satisfied that there is nothing in it.' There must be a promise tq pay; a promise on a condition,doos not-bind until that condition is accepted and performed' if it be precedent. If, says Judge Story, in Bell v. Morrison, 1 Peters, 351, conditions áre annexed to a promise to pay a debt barred by statute, they ought to be shown to be performed. That certainly is the rule in relation to all manner of contracts, and there is no reason why this should be an exception. The promise to pay on condition that plaintiff would give time, which he refused to accept, falls within this rule. The language which this proposition holds is this: “I will pay you the principal if you wall take my note, at three, six, and nine months, with interest from the date, but I, vyill not pay unless you agree to these stipulations.” The tfe,rms were not accepted by the plaintiff, and the- defendant was not bound. There was no contract. The assent of the plaintiff was as necessary to it as the promise of the defendant.
3. It struck me at first that possibly the plaintiff might have recovered on the promise to pay the $50. But the time is not *328 fixed at which that promise was made. It was some years before, and for any tiling that appears, that too might have been barred by the statute. There is another circumstance still more conclusive of this matter. T he circumstances show, I think, that the plaintiff declined accepting this offer; also the fact of his now demanding the whole debt is evidence of it; and it is most likely that it was a mere offer to get rid of the demand, and according to Cohen & Nesbit v. Aubin, 2 Bailey, 283, was not binding.
A now trial is therefore ordered.
Harper, J. concurred.